UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FELIPE ALFONSO AVILA,

      Petitioner,

v.                                  Case No.  8:10-cv-716-T-33TBM

SECRETARY, DEPARTMENT OF CORRECTIONS,

      Respondent.

_____

## ORDER

This cause is before the Court on Petitioner Avila's pro se 28 U.S.C. § 2254 petition for writ of habeas corpus.  He is proceeding on his amended petition (Doc. 6).  Avila challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.  The petition must be **denied** because it is untimely.

### PROCEDURAL HISTORY

On August 3, 1990, the State Attorney filed a two-count Information charging Avila with Robbery With a Deadly Weapon (Count 1) and Dealing in Stolen Property (Count 2). (Exh 31: Vol. 2: R 144-145).  The case proceeded to a jury trial before the Honorable M. William Graybill, Circuit Judge, on October 23, 1990. Avila was represented by Assistant Public Defender Stuart Sheres. The jury found Avila guilty as charged on both counts. (Exh 31: Vol. 2: R 150). On November 20, 1990, the court sentenced Avila to forty years in prison followed by life probation as a habitual felony offender on Count 1 (Robbery With a Deadly Weapon). On the Dealing in Stolen Property count, Avila was sentenced to fifteen

years in prison, concurrent, as a habitual felony offender. (Exh 31: Vol. 2: R 162-167).

Avila appealed the convictions and sentences.  On March 20, 1992, in Case No. 90-3566, the Second District Court of Appeal per curiam affirmed Avila's convictions and sentences. (Exhibit 3). *Avila v. State*, 596 So.2d 1063 (Fla. 2d DCA 1992)(table). The mandate issued April 8, 1992. (Exhibit 4).

On June 27, 1993, Avila filed a Rule 3.850 motion for postconviction relief. (Exhibit 5). On October 20, 1993, the state trial court summarily denied Avila's Rule 3.850 motion. (Exhibit 6). Avila appealed the adverse ruling. On January 19, 1994, in Case No. 2D93-04156, the state district court of appeal per curiam affirmed the denial of postconviction relief. (Exhibit 7). *Avila v. State*, 633 So. 2d 1074 (Fla. 2d DCA 1994)(table). The mandate issued February 11, 1994. (Exhibit 8).

On January 23, 1997, Avila filed a Rule 3.800(a) motion to vacate or correct sentence. (Exhibit 9). On April 22, 1997, the state trial court summarily denied  the motion. (Exhibit 10). Avila appealed. On September 19, 1997, in Case No. 2D97-02336, the state district court of appeal per curiam affirmed the denial of relief.  (Exhibit 11). *Avila v. State*, 699 So. 2d 1380 (Fla. 2d DCA 1997)(table). The mandate issued October 13, 1997. (Exhibit 12).

On June 14, 2000, Avila filed another Rule 3.800(a) motion to correct sentence. (Exhibit 13). The postconviction court denied the motion without a hearing on January 22, 2001. (Exhibit 14).  The record does not show that Avila appealed this ruling. (Exhibit 15: Circuit Court Docket).

Avila filed a third Rule 3.800(a) motion to correct illegal sentence on June 23, 2003. On August 6, 2003, the state court again summarily denied Avila's claims. (Exhibit 16).

Avila did not appeal from this adverse order.

Avila filed a fourth Rule 3.800(a) motion to correct sentence on February 28, 2005. (Exhibit 17). On April 18, 2005, the state trial court summarily denied the motion. (Exhibit 18). Avila appealed. On August 31, 2005, in Case No. 2D05-2555, the state district court of appeal per curiam affirmed the denial of relief. (Exhibit 19). *Avila v. State*, 971 So. 2d 107 (Fla. 2d DCA 2005)(table). The mandate issued September 25, 2005. (Exhibit 20: 2DCA Docket).

On April 14, 2005, Avila filed a petition for writ of habeas corpus in the trial court, raising six grounds for relief. (Exhibit 21). The trial court treated the petition as a Rule 3.850 motion for postconviction relief and, on May 5, 2005, summarily denied the claims as untimely and procedurally barred. (Exhibit 22). Avila appealed.  On December 2, 2005, in Case No. 2D05-2844, the state district court of appeal per curiam affirmed the denial of relief. (Exhibit 23). *Avila v. State*, 916 So. 2d 796 (Fla. 2d DCA 2005)(table). The mandate issued December 29, 2005. (Exhibit 24).

On May 7, 2006, Avila filed yet another Rule 3.800(a) motion to correct sentence. (Exhibit 25). The state trial court summarily denied the motion on June 12, 2006. (Exhibit 26). Avila did not appeal he adverse ruling.

On October 27, 2008, Avila filed a second petition for writ of habeas corpus in the state trial court, which the court treated as a Rule 3.850 motion for postconviction relief. (Exhibit 27). Avila essentially raised the same six grounds for relief which he raised in his previous state habeas petition and which he raises in the present federal petition. On May 21, 2009, the state trial court denied the motion, finding that it was untimely and that the claims were procedurally barred. (Exhibit 28).  Avila appealed. On February 3, 2010, in

Case No. 2D09-2771, the state district court of appeal per curiam affirmed the denial of relief. (Exhibit 29). *Avila v. State*, 27 So.3d 30 (Fla. 2d DCA 2010)(table). The mandate issued March 1, 2010. (Exhibit 30).

## THE PRESENT PETITION IS TIME-BARRED

Avila submitted original § 2254 petition to prison officials for mailing on March 22, 2010. The petition is time-barred.

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Avila's judgment became final on June 18, 1992, ninety days after March 20, 1992, the date the state district court of appeal per curiam affirmed his conviction and sentence on direct appeal. *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review); *Chavers v. Secretary, Fla. Dept. of Corrections*, 468 F.3d 1273 (11th Cir. 2006)(confirming that the one-year statute of limitations begins to run 90 days after the appellate court's

affirmance, rather than 90 days after the mandate was issued). When a petitioner's conviction becomes final prior to the AEDPA's effective date of April 24, 1996, but the petition is filed after the statute's enactment, the petitioner is afforded a one-year grace period in which to file his federal claims. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335 (11th Cir. 1998). Accordingly, petitioners like Avila, whose convictions became final prior to April 24, 1996, had until April 24, 1997, to file a petition for writ of habeas corpus.

Subsection (2) of §2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Avila properly filed his first Rule 3.800(a) motion to correct illegal sentence on January 23, 1997, after 274 days of the limitations period had elapsed following enactment of the AEDPA on April 24, 1996.[1] That collateral proceeding tolled the limitations period until the mandate issued in appellate case number 2D97-02336 on October 13, 1997. The one-year period recommenced on the following day, October 14, 1997. Avila had 91 days remaining to file a timely federal petition. However, 975 days passed during which no properly filed application for collateral relief was pending before Avila filed his second Rule 3.800(a) motion on June 14, 2000.

Because the second collateral motion was filed after expiration of the one year period, neither that motion nor any subsequent collateral applications, even if properly filed,

---

[1] The Rule 3.850 motion filed in 1993 is not included in these calculations, because it became final in 1994, prior to enactment of the AEDPA.

acted to toll the statutory limitations period. In *Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001), the Eleventh Circuit, quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), held that a state court petition filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." *Tinker*, 255 F.3d at 1333.

Moreover, there are additional periods of time during which no properly filed applications for collateral relief were pending. There were 883 non-tolled days between the finality of the second Rule 3.800(a) proceeding on February 21, 2001,[2] and the filing of the third motion to correct sentence on June 23, 2003. In addition, 542 days elapsed from the time the third Rule 3.800 proceeding became final on September 5, 2003, until the fourth motion was filed on February 28, 2005. Then, after the fourth motion to correct sentence became final on September 25, 2005, there were 224 untolled days until Avila filed his fifth motion to correct sentence on May 7, 2006.

Finally, between finality of the fifth motion to correct sentence on July 12, 2006, and March 22, 2010, the date of filing the federal habeas corpus petition, 1350 more days elapsed during which there were no properly filed collateral challenges to Avila's 1992 judgment of conviction. In the aggregate, Avila allowed over eleven years (4248 days) to pass before he filed a federal petition.

This Court notes that neither the first nor second petition for writ of habeas corpus filed in the state trial court tolled the federal statutory period because both petitions were found to be untimely under state law, and therefore were not "properly filed" for purposes

---

[2]  Because Avila did not appeal the adverse ruling on the second Rule 3.800 motion, that proceeding was final thirty days after the court entered its order denying relief on January 22, 2001.

of 28 U.S.C. § 2244(d). "[A] petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).  The Supreme Court concluded in *Pace* that "[w]hen a post conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Id.* at 414 (quotation and alteration omitted).

## EQUITABLE TOLLING

Recently, the Supreme Court concluded that 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549 (2010).  However, Avila has not alleged any extraordinary circumstances that would entitle him to equitable tolling.

Accordingly, the Court orders:

That Avila's petition is denied. The Clerk is directed to terminate all pending motions, to enter judgment against Avila, and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.  Petitioner is assessed the $455.00 appellate filing fee unless the United States Court of Appeals grants Petitioner leave to proceed on appeal in forma pauperis.  Petitioner is assessed the $455.00 filing fee unless the Eleventh Circuit

granted Petitioner leave to appeal in forma pauperis.

ORDERED at Tampa, Florida, on  November 8, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Felipe Alfonso Avila